E. L. CONWELL AND COMPANY, a Delaware Corporation, Appellant,

v.

Charles H. GUTBERLET, Jr., and The Arundel Corporation, a Maryland Corporation, Appellees.

No. 13779.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1970.

Decided July 9, 1970.

Harry Adelberg, Baltimore, Md., (Donald R. Stutman, Baltimore, Md., on brief) for appellant.

J. Cookman Boyd, Jr., Baltimore, Md., (Walter S. Levin, Baltimore, Md., on brief) for appellees.

Before SOBELOFF and CRAVEN, Circuit Judges, and JONES, District Judge.

PER CURIAM:

E. L. Conwell and Company brought an action to enjoin its employee, Charles H. Gutberlet, Jr., from accepting a job with The Arundel Corporation. Conwell based its action on a restrictive cov-

enant in Gutberlet's contract of employment, which provided that,

> Should your employment with us be terminated for any reason you will not accept employment with a competitor or client of ours nor engage in a competing business venture within 150 miles of Baltimore for a period of three years after the termination.

The District Judge denied Conwell's claim for injunctive relief and dismissed the complaint. He assigned two reasons for this action: (1) the restrictive covenant was unduly prohibitive in that under its language Gutberlet would not be able to accept employment with any of Conwell's clients at any time, and (2) that Gutberlet did not fall within the type of employment which Maryland would restrain in the enforcement of a restrictive covenant.

Concerning the first reason assigned by the District Judge for denying Conwell's claim for relief, the Judge held that the clause limiting the restriction "within 150 miles of Baltimore for a period of three years after the termination" of employment with Conwell did not refer to future employment with a "competitor or client," but modified the "competing business venture" clause only. This interpretation leaves the first clause, respecting employment with a client or competitor, with no geographical or time limitation. Therefore, the covenant was held to be overbroad. While Conwell argues that the "150 miles" clause limits the covenant as to both employment with a "competitor or client" and to engaging in a "competing business venture," it is apparent from reading the covenant that it is, at best, ambiguous. Since it was drafted by Conwell, it should be strictly construed against that party. We find no error in the court's interpretation of the covenant.

As to the court's second reason for denying relief, Maryland follows the general rule that restrictive covenants may be applied only to those employees who provide unique services, or to prevent the future misuse of trade secrets or lists of clients. Ruhl v. Bartlett Tree Co., 245 Md. 118, 225 A.2d 288 (1967); Silver v. Goldberger, 231 Md. 1, 188 A. 2d 155 (1963); Tawney v. Mutual System of Md., 186 Md. 508, 47 A.2d 372 (1946). The record clearly supports the finding that Gutberlet learned no trade secrets while employed by Conwell, was not in a position to misuse any customer listings, and his services to the company were not unique.

Accordingly, the order of the District Court is

Affirmed.